**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE N. ARAGON,<br><br>        Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 12-70411<br><br>Agency No. A074-422-167<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Jose N. Aragon, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's denial of his motion to reopen removal proceedings based on

ineffective assistance of counsel.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Aragon's motion to reopen as untimely where the motion was filed more than twelve years after his removal order became final, *see* 8 C.F.R. § 1003.23(b)(1), and Aragon failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan,* 646 F.3d at 679 (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances).

We lack jurisdiction to consider Aragon's contention that he received ineffective assistance of counsel from the attorney who prepared his motion to reopen because Aragon failed to raise this contention before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

In light of this disposition, we need not reach Aragon's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**